## JAMES B. FLETCHER
## v.
## MATTHEW PATTON.

*Sales—Breach of Contract—Action to Recover Damages—Measure of Damages—Conflict of Evidence—Practice—Instructions.*

1. Where the evidence is conflicting and there is enough to warrant the verdict, this court will not interfere.

2. In an action to recover damages for breach of contract for the sale of cattle, it is *held:* That proof of prices was properly limited by the court below to the period between the demand by plaintiff and the sale of the cattle to other parties by the defendant; that an instruction to the effect that the measure of damages is the difference between the contract price and what the cattle were worth at the time and place when and where they were to be delivered under the contract, was proper, in view of the evidence presented, and that another instruction is not open to certain objections depending on the evidence.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. ORENDORFF & PATTON and BRADLEY & BRADLEY, for appellant.

Even if evidence is conflicting, where there is a clear preponderance against the verdict of the jury, it should be set aside. Janney v. Birch, 58 Ill. 87; Wade v. Atkins, 58 Ill. 64; C., R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Lincoln v. Stowell, 62 Ill. 84; Davenport v. Springer, 63 Ill. 276; Beldin v. Innis, 84 Ill. 78.

"If the market is fluctuating, and especially if raised or depressed by temporary and transient causes, the market price on the precise day of delivery will not necessarily govern. The law in regulating the measure of damages contemplates a range of the entire market and the average of prices thus found, running through a reasonable period of time." 2 Sutherland on Damages, 374.

Fletcher v. Patton.

Messrs. PATTON & HAMILTON, for appellee.

WALL, J. The appellee recovered judgment against the appellant for $700 for an alleged breach of contract in the sale of 103 head of beef cattle. The appellee's claim was that on the 22d of May, 1884, he made a contract with appellant by which the latter sold to the former the cattle in question at $5.75 per hundred gross, to be delivered at any time between June 25th and July 15th, at the option of appellee; that he demanded them on the 3d of July, but that appellant repudiated the trade, and on the 7th of July sold and delivered the cattle to other parties. The price of such cattle advanced after the trade and this suit was for the damages sustained by appellee in not getting the cattle according to contract.

The appellant insisted that the bargain was conditional, that he had not seen the market reports for several days, and not knowing whether prices had changed, he was careful to make the condition that he would sell at the price named only in the event there had been no advance and that the trade should not be final until he could get his mail and learn the state of the market.

He insisted further that appellee promised to get his (appellant's) mail for him and leave it at a certain place on his farm that evening, which was not done.

The real controversy is as to the bargain, whether it was absolute or conditional, and upon this question the whole case turns.

There was considerable conflict in the evidence, and while perhaps the jury might have found either way, there was certainly enough to warrant the verdict. It is urged in the brief that the court erred in confining the proof as to prices to the period between July 3d, when the demand was made, and July 7th, when appellant put it out of his power to comply with the contract. This view was apparently acquiesced in, if not approved, by counsel for appellant, and we do not find that it was objected to.

Be this as it may, we see no objection to it in point of law.

The contract was that at the option of appellee he might take the cattle any time between June 25th and July 15th, and he was entitled to any profit there might have been in them at any time after demand made between those dates.

It is next objected that by the instructions the jury were authorized to measure the damages by the range of the market between June 25th and July 15th. This position, rather inconsistent with the last, is not well taken.

After stating the case hypothetically, according to plaintiff's theory, the instructions advise the jury that the measure of damages would be "the difference between the contract price and what the cattle were worth at the time and place when and where they were to be delivered under the contract." This referred to the time when demand was made, July 3d, and as the evidence as to prices was confined to the period between that day and July 7th, we do not see what there is here for appellant to complain of.

It is objected to the second instruction that it assumes a demand had been made according to contract when the opposite was true. We think it does not so assume, nor do we find the instruction subject to the further objection urged by counsel that there is no evidence in the record upon which to predicate it.

We are of opinion the instructions fairly presented the law applicable to the case. The judgment of the Circuit Court is affirmed.

*Affirmed.*